## In re HALE.
### No. 2618.

Court of Customs and Patent Appeals.
Feb. 11, 1931.

Albert L. Ely, of Akron, Ohio (Ely & Barrow, of Akron, Ohio, and Conway P. Coe, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Judge.

The Board of Appeals of the Patent Office affirmed the action of the examiner denying patent to Hale for claimed "improvements in resilient wheels and method of making same," and the matter is before us on appeal from the board's decision.

There are seven claims, of which Nos. 1 and 6 are for the article and the others for the method.

Claims 1 and 2 may be taken as typical:

"(1) In a wheel structure the combination of a felloe, an outer tire carrying rim, a cushion of compressible resilient rubber between said felloe and said rim, said cushion being placed under compression imposed thereon during the assembly of the wheel, and a rigid metallic band to which the cushion is permanently secured.

"(2) The method of making a resilient wheel comprising permanently securing an endless cushion element to the inner surface of a one-piece metallic band, applying the cushion element to a felloe having a circumference greater than the inner circumference of the element before assembling, and forcing a tire carrying rim upon the said band."

Claims 6 and 7 are stated, in the brief of appellant, to be "specifically directed to the commercial form of the invention."

All were rejected upon two references:

Harding, 1,294,796, February 18, 1919.

Willis, 1,396,984, November 15, 1921.

The application discloses four modifications of a resilient wheel. The particular modification specifically claimed is that comprised in the disclosure of a wheel having a resilient tire secured to a flanged rim. Between this rim and the felly-band is a rubber member or cushion. This cushion is secured by vulcanization to the inner surface of the flanged metallic rim, and to the outer surface of the metallic felly-band.

The method of assembling claimed is that of applying the cushion unit to a felly-band whose outer circumference is greater than the inner circumference of the cushion unit before assembling (thus stretching the cushion

unit and causing it to be tight upon the metallic band when assembled), vulcanizing the same thereto, and then forcing a tire carrying rim over the outer surface of the cushion and vulcanizing same.

The patent to Harding discloses a tire for vehicle wheels which has a felly and an outer metallic band or rim with a rubber member or cushion between felly and outer band, said rubber member being secured to the outer metallic band by being vulcanized thereto. The outer band constitutes the tread of the tire, having no rubber member mounted upon or around it. The tire is evidently rendered resilient merely by the cushion between felly and outer band.

In the Willis patent there is shown a resilient wheel having a wooden felly with a metallic rim shrunk thereon. Upon this felly rim is a cushion ring around the outer circumference of which is a metallic rim. Upon this latter is, in turn, mounted the tire rim which carries the outer rubber member or tire. In this patent no vulcanization is shown.

It seems, therefore, that appellant took features, all of which are disclosed in the prior art cited, or are obvious to one skilled in the art, and combined them in the production of his structure—a resilient wheel.

We fail to see wherein the result obtained presents patentable novelty, either in the article or the method.

Harding shows a beveled felly, and it may be true, as is argued for appellant, that force fitting the Willis band on a beveled felly would be impracticable; but it seems obvious that Willis taught, if indeed such teaching be not a matter of common knowledge, the method of force fitting in the application of his cushion ring. The permanent securing of the cushion to the metallic rings by vulcanization is shown in Harding.

It has been very earnestly insisted in the brief and oral argument for appellant that whatever may be said of claims 1 to 5, inclusive, claims 6 and 7 should be allowed. The basis of this argument rests very largely upon the forcing feature.

We are unable to agree to the contention.

Force fitting must be a very ancient art, and we fail to see wherein its application by appellant, as proposed in the case at issue, constitutes invention.

The decision of the Board of Appeals is affirmed.

Affirmed.